STATE of Vermont v. Scott M. FAVREAU (Caledonian-Record Publishing Co., Appellant)

[800 A.2d 472]

No. 01-418

April 24, 2002. Caledonian-Record Publishing Company, Inc. (Intervenor) appeals the district court's denial of its motion seeking access to certain court proceedings and opposing a Motion to Seal certain documents filed with the court. We reverse and remand.

In February of 2000, Scott Favreau was charged with first degree murder of Victoria Campbell-Beer, his foster mother. Tashia Beer,[1] a minor, and Ms.

---

[1] Because Ms. Beer is fully identified in the affidavit of probable cause submitted by the State to the court in support of the charges against defendant Favreau, we see no reason to refer to her by her

Campbell-Beer's step-daughter, was identified as a material witness. Also in February, the state's attorney filed a Motion For Recognizance By Witness seeking an order of the court to require sufficient recognizance with surety to assure Ms. Beer's future appearance as a witness in the prosecution of Favreau. By stipulation between the State and the witness, the motion was granted. The court set a sum of $10,000 bail or bond on Ms. Beer. For failure to post the sum set, Ms. Beer was incarcerated and held at the Woodside Juvenile Detention Center.

On or about August 2, 2001, Ms. Beer lodged with the court, but did not formally file, a Motion To Vacate Detention Order and an accompanying Motion To Seal the Motion To Vacate. On August 24, 2001, Intervenor moved for access to court documents, access to court proceedings, and filed an opposition to the Motion To Seal. Defendant Favreau filed an objection to Ms. Beer's Motion To Seal. On August 23, 2001, the court issued an Order Denying (Except As Noted) Motion To Seal Court Records Or Filings, which was itself temporarily filed under seal, not to be made public until 10:00 AM on Monday, August 27, 2001. In its order, the court ruled that certain portions of Ms. Beer's Motion To Vacate should remain under seal. Those portions were redacted from the document released to the public on August 27. The court further denied Intervenor's Motion For Access To Court Documents For Access To Court Proceedings and In Opposition To A Motion To Seal as moot.

The hearing on Ms. Beer's Motion To Vacate initially was open to the public. However, after the taking of evidence, during argument to the court, Ms. Beer's counsel moved to close the hearing. The

initials in this proceeding. See *State v. Tallman*, 148 Vt. 465, 473, 537 A.2d 422, 427 (1987) (after it is reviewed by a court, an affidavit of probable cause becomes a public document).

Caledonian-Record orally renewed its motion to intervene, which was granted by the court, and then moved in opposition to Ms. Beer's motion to close the court. The court conducted an in camera proceeding with only the attorneys for the parties and counsel for Ms. Beer in attendance. Upon his return to open court, the judge ordered the courtroom closed to the public in order to allow Ms. Beer's counsel to make her presentation to the court. The court made no findings to justify the closure, but stated simply that closure was "required under 33 V.S.A. §5523(D) and the case of *In re J.S.*, 140 Vt. 458, 438 A.2d 1125 (1981)." This appeal followed.

Intervenor argues that by redacting portions of the Motion To Seal and by closing a portion of the court proceedings concerning the Motion To Vacate Detention Order based entirely on in camera evidence and/or arguments, without requiring justification for the motion or a generalized proffer in open court, and without making specific findings supporting its conclusion that closure was necessary before closing the courtroom, the trial court violated the Intervenor's right of access under the First Amendment to the United States Constitution, and Chapter I, Article 13 of the Vermont Constitution.[2]

Ms. Beer argues that the confidentiality afforded juveniles under Vermont law "trumps" the Intervenor's qualified First Amendment right of access to the redactions in the Motion To Vacate and to the closed portion of the hearing on the Motion To Vacate.

---

[2] Intervenor cites Article 13 but has offered no briefing as to why the result under Article 13 may be different from that under the First Amendment. Accordingly, we have not separately considered the Article 13 claim. See *State v. Pierce*, 173 Vt. 151, 152 n.*, 787 A.2d 1284, 1286 n.* (2001).

As the United States Supreme Court discussed in detail in *Richmond Newspapers, Inc. v. Virginia*, 448 U.S. 555, 564-69 (1980), and *Press-Enterprise Co. v. Superior Court of California*, 464 U.S. 501, 505-08 (1984) (*Press-Enterprise I*), criminal trials in this country and their predecessors in England historically have been open to the public in their entirety, resulting in a strong presumption in favor of openness. Accordingly, the Supreme Court found that "[c]losed proceedings, although not absolutely precluded, must be rare and only for cause shown that outweighs the value of openness." *Press-Enterprise I*, 464 U.S. at 509.

In *State v. Tallman*, 148 Vt. at 471, 537 A.2d at 425, we described this presumption in favor of openness as an "indispensable attribute" of a trial. Allowing the public to view the administration of justice in criminal proceedings gives assurance that the proceedings are conducted fairly to all concerned, including the community. In *Tallman*, the Court was confronted with the press's desire for access to an affidavit of probable cause and a pretrial suppression hearing, against the wishes of the criminal defendant. We gave the following as a general policy statement:

> [W]e start with the presumption that pretrial proceedings and documents are open to the public, closure being the exception rather than the rule. . . . This is because "[o]penness . . . enhances both the basic fairness of the criminal trial and the appearance of fairness so essential to public confidence in the system."

*Id.* at 474, 537 A.2d at 427-28 (internal citations omitted).

Again, in *State v. Schaefer*, 157 Vt. 339, 599 A.2d 337 (1991) (per Dooley, J., with Morse, J., concurring and Allen, C.J., concurring in result), the press and the defendant were at odds over sealed affidavits of probable cause and a partially closed hearing on a motion to suppress. Justices Dooley and Morse reiterated the qualified First Amendment right of access to judicial records and adopted the standard in *Press-Enterprise Co. v. Superior Court of California*, 478 U.S. 1, 14 (1986) (*Press-Enterprise II*), that the sealing of orders was valid only on a showing of " 'substantial probability that the defendant's right to a fair trial will be prejudiced by publicity.' " *Schaefer*, 157 Vt. at 348, 599 A.2d at 343 (quoting *Press- Enterprise II*).

In its decision denying, with exceptions, Ms. Beer's Motion To Seal, the court noted that "identification of T.B. from the pleadings alone" would not be difficult, and identified the issue as "whether T.B. has some legally protected right of privacy *under these particular, and specific circumstances* which trumps the public's presumptive right of access to court documents." (Emphasis in original.) The court then found that the confidentiality provisions governing matters in juvenile court were neither applicable nor controlling, as no juvenile proceedings were at issue, and the only question was whether Ms. Beer should continue to be held as a material witness in connection with the pending criminal case. The court further found that it was already a matter of public record, through filings already made in the case, that Ms. Beer had "a substantial connection" to the events and circumstances which precipitated the homicide charge against Favreau and that any additional information as a result of proceedings on and consideration of the Motion To Vacate was unlikely to " 'expose her' to *new and additional* 'publicity and resulting stigma' beyond what she has already suffered." (Emphasis in original.) The court concluded:

there is nothing about the merits of the issues now needing resolution by the Court which intrinsically implicates any reasonable expectation of privacy on T.B.'s part. . . . T.B. has not made a "compelling showing of harm to [her] private interests," nor has she demonstrated "a compelling need for confidentiality" under these particular circumstances.

Then, without explanation, the court redacted a footnote and portions of a paragraph from Ms. Beer's Motion To Vacate and Memorandum Of Law from the document that would be made part of the public criminal record.

In a recent case, *In re Sealed Documents*, 172 Vt. 152, 772 A.2d 518 (2001), press organizations sought access to ten search warrants and related materials that had been sealed by the issuing district court. Relying on the statutory right of access to court records found in 4 V.S.A. § 693, as well as the common law, we held that the appellants had a presumptive right of access to the material sought which could be overcome only through a "specific showing of substantial harm to public or private interests," and that, where necessary, these interests might be served by deletion of the harmful material. *Id.* at 153, 772 A.2d at 521. The requisite showing of harm must be demonstrated with specificity as to each document sought to be withheld; general allegations of harm are insufficient. *Id.* at 161, 772 A.2d at 527. When rendering a decision, "the court must examine each document individually, and make fact-specific findings with regard to why the presumption of access has been overcome." *Id.* at 162, 772 A.2d at 527. The court should then "enter a separate order containing specific factual findings and conclusions to support the decision to seal." *Id.*

The trial court's decisions in this case must be deemed inadequate. The court made no findings to justify redactions of portions of Ms. Beer's motion and memorandum of law. Indeed, in its written decision the court specifically found that the provisions governing matters in juvenile court were neither applicable nor controlling, and that Ms. Beer's expectations of privacy were not implicated in the resolution of the issues surrounding her status as a material witness. There is, thus, no justification provided to support the redaction.

Furthermore, in its ruling that closed the courtroom to the general public and, thus, to Intervenor, the court made no findings regarding the need for closure but cited a case wherein this Court held that the "Legislature did not intend that either the news media or the general public should attend juvenile hearings or report what transpired there." *In re J.S.*, 140 Vt. at 470, 438 A.2d at 1130. The court also cited a statutory provision regulating hearings in the juvenile court that provides: "There shall be no publicity given by any person to any proceedings under the authority of this chapter except with the consent of the child and his parent or guardian." 33 V.S.A. § 5523(d). The court gave no indication why these authorities were considered relevant to the matter, and provided no specific findings to support its closure order. Given the qualified right of access that attaches to the proceedings in this criminal case, "the proceedings cannot be closed unless specific, on the record findings are made demonstrating that 'closure is essential to preserve higher values and is narrowly tailored to serve that interest.'" *Press-Enterprise II*, 478 U.S. at 13-14, quoting *Press-Enterprise I*, 464 U.S. at 510.

Because there is no indication in the record that the court applied the required exacting standard, or any standard at all, or that the burden of demonstrating a compelling need for confiden-

tiality was met by Ms. Beer, or that provisions of the juvenile law controlled, or that any fact-specific findings were made as to precisely what information contained in the materials or the arguments to the court would result in harm to Ms. Beer's interests, the opportunity for meaningful appellate review is lacking. Furthermore, because the record does not reveal the State's position as to Ms. Beer's request for closure or sealing, we cannot assess whether any compelling governmental interest was at issue or considered by the court below. While Mr. Favreau filed an opposition to Ms. Beer's Motion To Seal, there is nothing in the record to indicate the reasons therefore, or to conclude the court considered the criminal defendant's position on the issue.

Accordingly, we reverse and remand for reconsideration by the court in light of this decision.

*Reversed and remanded.*